# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly Describe the property to be searched or identify the person by name and address)*<br>Blue Motorola cell phone, IMEI 353592110995437, and Gray Samsung cell phone, IMEI 357754077685114, seized at a house on W Judum, Laveen, AZ on October 3, 2021, currently stored at FBI-Phoenix Division, located at 21711 N. 7th St, Phoenix, AZ 85024. | Case No. 21-8238 MB |

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of ___Arizona___.
(identify the person or describe the property to be searched and give its location):

**As further described in Attachment A.**

The person or property to be searched, described above, is believed to conceal (identify the person or describe the property to be seized):

**As set forth in Attachment B.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

YOU ARE COMMANDED to execute this warrant on or before ___11-3-21___.
*(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the United States Magistrate Judge on duty.

___in AZ.___
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for 30 days *(not to exceed 30)*
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: ___10-20-21 @ 10:40 A.M.___  ___[signature]___
 *Judge's signature*

City and State: ___Phoenix, Arizona___  ___Honorable John Z. Boyle, U.S. Magistrate Judge___
 *Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to the following Blue Motorola cell phone, IMEI 353592110995437, and Gray Samsung cell phone, IMEI 357754077685114, seized at a residence on W Judum, Laveen, AZ on October 3, 2021. The devices are currently stored at FBI-Phoenix Division, located at 21711 N. 7th St, Phoenix, AZ 85024.









## **ATTACHMENT B**

All records and communications relating to the violation of Title 18, United States Code § 1111, Murder, to include the motive behind the murder:

   a. Telephone numbers of incoming/outgoing calls stored in the call registry;

   b. Telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

   c. Any incoming/outgoing text messages;

   d. Telephone subscriber information;

   e. Any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular telephone including but not limited to e-mail, voicemail, and photos.

AO 93 (Rev. 01/09) Search and Seizure Warrant (Page 2)

# RETURN

| Case No.: | Date and Time Warrant Executed: | Copy of warrant and inventory left with: |
|---|---|---|
|  |  |  |

Inventory Made in the Presence of:

Inventory of the property taken and name of any person(s) seized:

# CERTIFICATION

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

Application for a Search Warrant

# UNITED STATES DISTRICT COURT
для the
District of Arizona

In the Matter of the Search of
*(Briefly Describe the property to be searched or identify the person by name and address)*

Blue Motorola cell phone, IMEI 353592110995437, and Gray Samsung cell phone, IMEI 357754077685114, seized at a house on W Judum, Laveen, AZ on October 3, 2021, currently stored at FBI-Phoenix Division, located at 21711 N. 7th St, Phoenix, AZ 85024.

Case No. 21-8238 MB

## APPLICATION AND AFFIDAVIT FOR A SEARCH WARRANT

I, SA Malcolm T. Jones, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

**As further described in Attachment A.**

Located in the District of __Arizona__, there is now concealed *(identify the person or describe the property to be seized)*:

**As set forth in Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
   X Evidence of a crime;
   ☐ Contraband, fruits of crime, or other items illegally possessed;
   ☐ Property designed for use, intended for use, or used in committing a crime;
   ☐ A person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code/Section | Offense Description |
|---|---|
| 18 U.S.C. §1111 | Murder |

The application is based on these facts:
   **As set forth in Attachment C, incorporated herein by reference.**

☒ Continued on the attached sheet.
☐ Delayed notice of ___ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Raynette Logan *RL*
*Telephonically Sworn*

*Applicant's Signature*
Malcolm T. Jones, SA, FBI
*Applicant's printed name and title*

Date issued: 10-20-21 @ 10:40 A.M.

*Judge's Signature*

City and State: Phoenix, Arizona

Hon. John Z. Boyle, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

This warrant applies to the following Blue Motorola cell phone, IMEI 353592110995437, and Gray Samsung cell phone, IMEI 357754077685114, seized at a residence on W Judum, Laveen, AZ on October 3, 2021. The devices are currently stored at FBI-Phoenix Division, located at 21711 N. 7th St, Phoenix, AZ 85024.









## ATTACHMENT B

All records and communications relating to the violation of Title 18, United States Code § 1111, Murder, to include the motive behind the murder:

  a. Telephone numbers of incoming/outgoing calls stored in the call registry;

  b. Telephone numbers and corresponding names to those numbers stored in the cellular telephone's address book;

  c. Any incoming/outgoing text messages;

  d. Telephone subscriber information;

  e. Any other electronic information in the stored memory and/or accessed by the active electronic features of the digital or cellular telephone including but not limited to e-mail, voicemail, and photos.

# ATTACHMENT C

# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Malcolm T. Jones, a Special Agent with the Federal Bureau of Investigation ("FBI"), being duly sworn, depose and state as follows:

## INTRODUCTION

The facts of this case, as more fully detailed herein, are that on or about October 3, 2021, within the confines of the Gila River Indian Community ("GRIC"), within the District of Arizona, L.T. was murdered at his residence on W Judum, Laveen, AZ, hereinafter known as the victim's residence, in violation of Title 18, United States Code, § 1111, Murder. Further investigation resulted in a search of the victim's residence in which a Blue Motorola cell phone, IMEI 353592110995437, and a Gray Samsung cell phone, IMEI 357754077685114, hereinafter SUBJECT DEVICES, were seized during the search of the residence. After an interview with L.T.'s friend, Danielle, and L.T's daughter, Chantel, it was concluded that the aforementioned devices belonged to L.T. and may contain information pertaining to the murder of L.T. on October 3, 2021. I make this affidavit in support of an application for a search warrant for information associated with the SUBJECT DEVICES. The SUBJECT DEVICES to be searched is described in the following paragraphs and in Attachment A. The information requested includes records and other information, further described in Attachment B.

## PRELIMINARY BACKGROUND INFORMATION

1. Your affiant is a graduate of the FBI Academy in Quantico, VA. Your affiant has been employed with the FBI since February 2016. Your affiant is currently assigned to the FBI

1

Phoenix Division and has primary investigative responsibility in Indian Country matters, to include, violent crimes, such as homicide, sexual assaults, and aggravated assaults.

2. I have been trained in various aspects of law enforcement, including searching and seizing digital media, to include telephone and social media content. In addition, I have been involved in multiple investigations in which digital media, including telephones and social media accounts, have been seized, searched, and forensically examined.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, investigators and witnesses. This affidavit is intended to show merely there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have set forth only the facts I believe are necessary to establish probable cause to believe evidence of a violation of Title 18, United States Code, § 1111, Murder, is located within the SUBJECT DEVICES, more fully described in Attachment A, for items listed in Attachment B.

4. This Court has jurisdiction over these offenses because the below-described events occurred on the GRIC, a federally recognized tribe, and L.T. is an enrolled member of the Gila River Indian Community.

**DETAILS OF THE INVESTIGATION**

5. On October 3, 2021, I was contacted by Gila River Police Department (GRPD) Sergeant Orlando Ramirez about a murder that occurred at the victim's residence, within the Gila River Indian Community. Upon arrival at the victim's residence, Gila River Detective Jose Vagas and I were briefed by GRPD Officer D. Bradshaw and GRPD Officer A. Nunez. Officer Bradshaw and Nunez stated they were dispatched to the victim's residence at

approximately 6:17 AM. Upon arrival, Officer Bradshaw and Nunez made contact with two female subjects exiting the residence. The female subjects were identified as Danielle and Catherine. The subjects advised Officer Bradshaw and Nunez that they had located a deceased male subject inside the residence. The male subject was identified as L.T. Officer Bradshaw and Nunez entered the residence and observed L.T. sitting in the living room covered in a large amount of blood. Officer Bradshaw and Nunez also stated they observed 6-10 spent shell casings on the ground surrounding L.T. Gila River Medical Services responded and pronounced L.T. deceased at the scene.

6. After being briefed by Officer Bradshaw and Nunez, GRPD Detective Kyle Weeden drafted and swore to a tribal search warrant for the victim's residence. The tribal search warrant included the seizure of any and all cellular phones, tablets or devices capable of wireless communications that may have been used prior to and after the aggravated assault, as well as other evidence.

7. On October 3, 2021, GRPD Det. Jose Vargas and I interviewed Chantel. She stated that there were multiple people going in and out of the victim's residence. Chantel could only recall seeing M.G., V.B., S.F., and A.F. in the residence on the night of October 2, 2021. Chantel visited the house three times on October 2, 2021, and every time the same individuals were at the residence. The first time she visited was at 5:00 or 6:00 pm, the second at 9:00 pm, and the last time was around 10:00 pm, and L.T. was outside of the residence cutting his hair. Chantel stated L.T. was not in a relationship with any of the females that were at the residence on October 2, 2021. She was also not aware of any conflicts or confrontations happening at the residence. Chantel did state that she had an altercation with A.F. because A.F. had been

3

involved with her baby's father. Chantel informed me that L.T. owned a gray cell phone and a cracked blue cell phone.

8. On October 3, 2021, GRPD Det. Jose Vargas and I interviewed Danielle. She stated she was at the victim's residence around 11:00 pm or 12:00 am. Danielle identified M.G., V.B., S.F., A.F., and B.A. as also being at the residence at that time. Danielle left the residence around 12:30 am due to S.F. irritating her. At approximately 2:00 am, C.G. came to pick up Danielle at her residence on South 51st Ave., Laveen, Arizona, to go to the Vee Quiva Gila River Casino. C.G. and Danielle departed the casino at approximately 6:00 am and returned to the victim's residence. Catherine walked up to the residence first and noticed she was able to enter without a key. She walked into the living room saying something to L.T. as she came into the room. Catherine then walked to the back of the residence towards her room. Danielle entered the residence and noticed that L.T. was laying in the room with his eyes open, and she could tell something was wrong. Danielle called to Catherine that they needed to leave the residence and call the police. Danielle stated to Catherine that L.T. was dead, and she then noticed that he was soaked in blood. Danielle was not aware of anyone else in the residence when she and Catherine found L.T. They left the residence and went to Danielle's residence to call 911. Catherine called 911 while Danielle went back to the victim's residence, but Danielle did not enter and just stood near the door. Danielle was not aware of any conflicts occurring at the victim's residence earlier when she was there. Danielle did inform me that there were a lot of drugs coming in and out of the victim's residence. Danielle stated that L.T. owned a gray cell phone that he usually kept on top of the glass table in the living room.

9. Following the search of the house, seven cell phones were seized in which two

4

were identified to have belonged to L.T., a Blue Motorola cell phone, IMEI 353592110995437, and a Gray Samsung cell phone, IMEI 357754077685114. The gray Samsung cell phone was located in the living room of the residence on top of the glass table. The blue Motorola cell phone was located in the back bedroom where L.T. was said to often sleep.

10. On October 14, 2021, Det. Vargas and I interviewed M.G., who is the owner of the house. He stated that he has turned his life around, but that there are drugs going through the victim's residence, particularly methamphetamine. I was further informed by GRPD that the victim's residence was being used for selling illegal drugs, prostitution, and other violent crimes.

11. In my experience as a law enforcement officer, and past similar criminal investigations, drug traffickers and users often utilize cell phones in the furtherance of various crimes. Common uses for electronic devices are to communicate and set up illegal sales utilizing text messages, emails, messaging apps/internet platforms, chat rooms through various platforms, and various other methods. Electronic devices are also often utilized to document and store images of contraband or other illegal substances used in setting up a transaction. Electronic devices have also been utilized to complete transactions for illegal contraband or substances utilizing various payment apps/ databases. Drug trafficking, in this case, can be the motive for the murder of L.T. Knowing the clients, dates and amounts of sales, and other drug trafficking records may lead to other of evidence of witnesses in this case and who killed L.T.

## DIGITAL EVIDENCE STORED WITHIN A CELLULAR TELEPHONE

12. As described in Attachment B, this application seeks permission to search for records and information that might be found in the contents of the SUBJECT DEVICES. Thus, the warrant applied for would authorize the copying of electronically stored information under Rule 41(e)(2)(B).

13. Probable cause for SUBJECT DEVICES. Your Affiant submits that there is probable cause to believe records and information relevant to the criminal violation set forth in this Affidavit will be stored on the SUBJECT DEVICES for at least the following reasons:

   a. Based on my knowledge, training, and experience, your Affiant knows that cellular telephones contain electronically stored data, including, but not limited to, records related to communications made to or from the device, such as the associated telephone numbers or account identifiers, the dates and times of the communications, and the content of stored text messages, e-mails, and other communications; names and telephone numbers stored in electronic "address books;" photographs, videos, and audio files; stored dates, appointments, and other information on personal calendars; notes, documents, or text files; information that has been accessed and downloaded from the Internet; and global positioning system ("GPS") information.

   b. Based on my knowledge, training, and experience, your Affiant knows that electronic files or remnants of such files can be recovered months or even years after they have been downloaded onto a device, deleted, or viewed via the Internet. Electronic files downloaded to a device can be stored for years at little or no cost. Even when files have been

deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a device, the data contained in the file does not actually disappear; rather, that data remains on the devicee until it is overwritten by new data.

c. Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the device that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a devices operating system may also keep a record of deleted data in a "swap" or "recovery" file.

14. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronic files that might serve as direct evidence of the crimes described on the warrant, but also for forensic electronic evidence that establishes how the cellular telephones were used, the purpose of the use, who used it, and when. There is probable cause to believe that this forensic electronic evidence will be found in the contents of the SUBJECT DEVICES because:

a. Data in a cellular telephone can provide evidence of a file that was once in the contents of the cellular telephone but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

b. As explained herein, information stored within a cellular telephone may provide crucial evidence of the "who, what, why, when, where, and how" of the criminal conduct under investigation, thus enabling the United States to establish and prove each element or alternatively, to exclude the innocent from further suspicion. In my training and experience, information stored within electronic storage medium (e.g., registry information,

7

communications, images and movies, transactional information, records of session times and durations, internet history, and anti-virus, spyware, and malware detection programs) can indicate who has used or controlled the cellular telephone. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence. The existence or absence of anti-virus, spyware, and malware detection programs may indicate whether the cellular telephone was remotely accessed, thus inculpating or exculpating the owner. Further, activity on a cellular telephone can indicate how and when the device was accessed or used. For example, as described herein, cellular telephones can contain information that log: session times and durations, activity associated with user accounts, electronic storage media that connected with the cellular telephone, and the IP addresses through which the cellular telephone accessed networks and the internet. Such information allows investigators to understand the chronological context of cellular telephone access, use, and events relating to the crime under investigation. Additionally, some information stored within a cellular telephone may provide crucial evidence relating to the physical location of other evidence and the suspect. For example, images stored on a cellular telephone may both show a particular location and have geolocation information incorporated into its file data. Such file data typically also contains information indicating when the file or image was created. The geographic and timeline information described herein may either inculpate or exculpate the user of the device. Last, information stored within a cellular telephone may provide relevant insight into the user's state of mind as it relates to the offense under investigation. For example, information within a cellular telephone may indicate the owner's motive and intent to commit a crime (e.g., internet searches indicating criminal planning), or

consciousness of guilt (e.g., running a "wiping" program to destroy evidence on the cellular telephone or password protecting/encrypting such evidence in an effort to conceal it from law enforcement).

      c.    A person with appropriate familiarity with how a cellular telephone works can, after examining this forensic evidence in its proper context, draw conclusions about how the cellular telephone was used, the purpose of its use, who used it, and when.

      d.    The process of identifying the exact files, blocks, registry entries, logs, or other forms of forensic evidence on a cellular telephone are necessary to draw an accurate conclusion is a dynamic process. While it is possible to specify in advance the records to be sought, cellular telephone evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a device is evidence may depend on other information stored on that or other storage media and the application of knowledge about how electronic storage media behave. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

      e.    Further, in finding evidence of how a cellular telephone was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium. For example, the presence or absence of counter-forensic programs or anti-virus programs (and associated data) may be relevant to establishing the user's intent.

15.    Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant your Affiant is applying for would permit imaging or otherwise

9

copying the contents of the SUBJECT DEVICES, including the use of computer-assisted scans.

16. **Manner of execution.** Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

17. Based on my training and experience, consultation with other special agents and law enforcement officers, and all of the facts as set forth in this affidavit, there is sufficient probable cause to believe a violation of Title 18, U.S.C., §1111, Murder, has been committed, and evidence of the crime will be found in the SUBJECT DEVICES described in this Affidavit and Attachment A. I believe that names, nicknames, and/or telephone numbers of other subjects involved in, and associated with the assault, as well as data describing the time, date, the duration of incoming and outgoing calls to the cellular phone, incoming and outgoing text messages, and other electronic data as listed in Attachment B, will be located on the SUBJECT DEVICES. Wherefore, your affiant respectfully requests a warrant be issued authorizing Special Agents to examine, analyze, and make record of the contents of the information stored in the SUBJECT DEVICES described in this Affidavit and Attachment A, which is presently in the custody of FBI-Phoenix Division. This affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 10/19/2021

_____
Special Agent Malcolm T. Jones
Federal Bureau of Investigation

Subscribed and sworn to before me this 20 day of October, 2021.

_____
HONORABLE JOHN Z. BOYLE
United States Magistrate Judge
District of Arizona